UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case Presently Pending:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| AZTEC ENERGY PARTNERS, INC., | 08CV2379 |
| Plaintiff, | JUDGE KENDALL |
|  | MAGISTRATE JUDGE NOLAN |
| v. | CIVIL NO. 3:07 CV 775 (AHN) |
| SENSOR SWITCH, INC., |  |
| Defendant. |  |

## MOTION FOR PROTECTIVE ORDER

COME NOW Dennis Brown and Plaintiff Aztec Energy Partners, Inc., by and through its undersigned counsel, and pursuant to Rules 26(c) and 45(c)(3) of the Federal Rules of Civil Procedure, hereby file this Motion for Protective Order directing that the deposition of Dennis Brown, for which Defendant served a Notice of Deposition and Subpoena scheduling the same for April 29, 2008 in Chicago, not be had on that day at that location.

In support of this Motion, the Mr. Brown and Plaintiff rely on the entire record in this case, including the Memorandum of Law in Support of this Motion for Protective Order filed contemporaneously herewith.

WHEREFORE, Mr. Brown and Plaintiff respectfully request that this Court enter a protective order that the deposition of Dennis Brown not be had on April 29, 2008 at the noticed location.

This 24th day of April, 2008.

                                      Respectfully submitted,

                                      David C Newman
                                      Georgia Bar Number 541148
                                      Rachel King Powell
                                      Georgia Bar Number 421311

SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500

                                      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Case Presently Pending:**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC.,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL NO. 3:07 CV 775 (AHN)

SENSOR SWITCH, INC.,

　　　　Defendant.

**CERTIFICATE OF SERVICE**

　　I hereby certify that a copy of the foregoing MOTION FOR PROTECTIVE ORDER has been served upon all parties by facsimile and by depositing a copy of same in Federal Express properly addressed to:

Bradford S. Babbitt, Esq.
Christopher F. Girard, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT  06103-3597

This 24th day of April, 2008.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　James E Connelly

LIT\1032998.2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

AZTEC ENERGY PARTNERS, INC.

    Plaintiff,

V.

                                               CIVIL NO. 3:07 CV 775 (AHN)

SENSOR SWITCH, INC.

    Defendant.                             APRIL 14, 2008

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 26 *et seq.*, at 10:00 a.m. on **Tuesday, April 29, 2008**, the undersigned will take the deposition upon oral examination of Dennis Brown of Aztec Energy Partners, Inc. The deposition will be taken before an official court reporter or other competent authority at the offices of Schiff Hardin LLP, 6600 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606. You are invited to attend and cross-examine.

                                                         DEFENDANT,
                                                         SENSOR SWITCH, INC.

                                                         By /s/ *[signature]*
                                                         Bradford S. Babbitt (ct13938)
                                                         E-mail: bbabbitt@rc.com
                                                         Christopher F. Girard (ct26896)
                                                         E-mail: cgirard@rc.com
                                                         Robinson & Cole LLP
                                                         280 Trumbull Street
                                                         Hartford, CT 06103-3597
                                                         Tel. No.: (860) 275-8200
                                                         Fax No.: (860) 275-8299

## CERTIFICATION

I hereby certify that on April 14, 2008, a copy of the foregoing was sent via electronic mail and US Mail, postage prepaid, to the following counsel of record:

Beverly S. Knapp
Todd S. Federico
Cramer, Alissi & Fontaine, P.C.
750 Main Street, Suite 1600
Hartford, CT 06103

David C. Newman
James E. Connolly
Rachel King Powell
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592

And to a duly authorized process server for service upon:

Dennis Brown
15321 Stony Run Trail
Granger, IN 46530-6270

Christopher F. Girard

O88 (Rev. 12/06 Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN        DISTRICT OF        ILLINOIS

ZTEC ENERGY PARTNERS, INC.

**SUBPOENA IN A CIVIL CASE**

V.

ENSOR SWITCH, INC.

Case Number: 3:07 CV 775 (AHN)

O: Dennis Brown
15321 Stony Run Trail
Granger, IN 46530-6270

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| ACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| ACE OF DEPOSITION | DATE AND TIME |
|---|---|
| hiff Hardin LLP, 6600 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606 | 4/29/08 at 10:00 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| ACE | DATE AND TIME |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| EMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, ectors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| UING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ristopher F. Girard, Attorney for Defendant | April 14, 2008 |

UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ristopher F. Girard, Esq.,
binson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103        Tel No.: (860) 275-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO 88 (Rev. 12/06 Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
...
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).