ORIGINAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

*08CV2379*

08CV2379
Judge Kendall
Magistrate Nolan

**Case Presently Pending:**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

F I L E D

4-28-2008
APR 2 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AZTEC ENERGY PARTNERS, INC.,

        Plaintiff,

v.

SENSOR SWITCH, INC.,

        Defendant.

CIVIL NO. 3:07 CV 775 (AHN)

### REVISED MEMORANDUM OF LAW IN SUPPORT OF
### THE MOTION FOR PROTECTIVE ORDER

COME NOW Dennis Brown and Plaintiff Aztec Energy Partners, Inc., by and through its undersigned counsel, and submit this Memorandum of Law in Support of the Motion for Protective Order. Specifically, the Mr. Brown and Plaintiff seek an order of this Court that a deposition of Dennis Brown, for which Defendant served a Notice of Deposition and a Subpoena, scheduling the same for April 29, 2008 in Chicago, not be had on that day in that location.

This Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. . . ." Fed. R. Civ. P. 26(c). Among other things, the Court may prohibit the discovery altogether, impose terms, including time and place, on the discovery, and limit the scope of the discovery to certain matters. Id. The grant or denial of a motion for protective order lies within the sound discretion of this Court. See Fed. R.

Civ. P. 45(c)(3)(A) (conferring decision making authority on the court issuing the subpoena to quash or modify improperly issued subpoenas).

## I.   FACTUAL BACKGROUND

A brief recitation of the status of discovery may assist the Court in considering this motion. In short, this rather simple contract dispute has been rife with efforts by the Defendant to make discovery as impracticable and expensive for Plaintiff as possible.

On March 17, 2008, the United States District Court for the District of Connecticut (Fitzsimmons, J.) issued an order resolving multiple discovery disputes and urged the parties "to engage in discussions regarding potential deposition locations and dates that promote an efficient discovery process." See Order of the Hon. Holly Fitzsimmons, dated March 17, 2008, attached hereto as Exhibit 1. Reasonable efforts by the Plaintiff at compromise or accommodation were rebuffed, or met with silence.

Defendant noticed the depositions of two of Plaintiff's senior officers to be conducted in its counsel's offices in Connecticut (Plaintiff's offices are located in Georgia). Defendant also offered its officers and employees for deposition only in Connecticut, and refused to make these witnesses available during the same week, requiring multiple trips to Connecticut for Plaintiff's Plaintiff's counsel and Plaintiff's officers.

Defendant also indicated its desire to depose Dennis Brown, an account manager who works for the Plaintiff, and lives in Granger, Indiana on April 29, 2008. Plaintiff's counsel contacted Mr. Brown and learned that he would be in the Atlanta area on April 29 and 30 for previously scheduled meeting. Accordingly, Plaintiff offered to make Mr. Brown available for his deposition in Atlanta on April 28 or May 1. Plaintiff and its counsel are both located in Atlanta. Defendant did not respond to that offer.

Instead, it purported to serve Mr. Brown with the Notice and Subpoena that is the subject of this motion. Those documents are attached hereto as Exhibit 2. That Subpoena purports to require Mr. Brown to appear for his deposition in Chicago on April 29, even though Defendant's counsel knew when the Subpoena was served on Mr. Brown that he would be in Atlanta that day.

Defendant made no effort to "engage in discussions regarding potential deposition locations and dates that promote an efficient discovery process," as ordered by the Connecticut District Court. In fact, despite having the flaws pointed out, Defendant simply adheres, in a letter dated April 24, 2008, to its decision to attempt to take the deposition in Chicago. The only apparent reason to insist on taking Mr. Brown's deposition is to require Plaintiff's counsel and its representatives to bear the burden of travel to Chicago.

Whether the deposition is conducted in Atlanta or Chicago, Defendant's counsel and its representatives will have to travel. Defendant has offered two justifications for wanting to take Mr. Brown's deposition in Chicago rather than in Atlanta. First, Defendant's counsel said there are no direct flights between Hartford, Connecticut, and Atlanta. That supposed justification is simply false. In fact there are many direct flights between those two cities. See Official Airline Guide ("OAG") print-out, attached hereto as Exhibit 3. Second, Defendant's counsel said that Chicago is closer to Hartford than is Atlanta. While technically true, the difference of less than one hundred miles is clearly immaterial and a mere pretense.

## II.  DEFENDANT'S SUBPOENA IS NOT VALID AND SHOULD BE QUASHED

### A.  The Witness Resides More Than 100 Miles From the Location of the Deposition

The federal rules permit the Court to quash a subpoena which requires "a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides,

is employed, or regularly transacts business in person. . . ."  Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added).

Mr. Brown resides more than 100 miles from the location chosen by the Defendant for the deposition, and thus he cannot be compelled to attend the deposition as subpoenaed.  The witness resides in Granger, Indiana at 11624 Wilkins Mill Drive, not at 15321 Stony Run Trail as the Subpoena indicates.  This fact is known to the Defendant, as the witness was served with the Subpoena as his proper address, which Plaintiff had provided to Defendant in discovery.  The distance between the witness's residence and 233 South Wacker Drive, in Chicago, Illinois, is greater than 100 miles.  See MapQuest and Google Map directions and distance calculations, attached hereto as Exhibits 4 and 5.

As compliance with the Subpoena would require the non-party witness to travel more than 100 miles from his place of residence, it may and should be quashed.  See, e.g., Jamsports & Entm't, LLC v. Paradama Prods., Inc., 2005 WL 14917 (N.D. Ill. Jan 3, 2005) (holding that subpoenas may be within the court's jurisdiction to issue under Rule 4 and still be improper under Rule 45(c)(3) if they purport to compel a witness to travel more than 100 miles).[1]

Defendant's Subpoena is invalid and should be quashed.

B.   Defendant Failed to Tender the Full Witness Fee
     and Service of the Subpoena Was Therefore Invalid

If the required attendance fee does not accompany the service of a subpoena, the service of a subpoena is invalid.  Fed R. Civ. P. 45(b)(1) notes that "serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance,

---

[1]   As an aside, the form of the Subpoena also fails, on its face, to meet the technical requirements of Rules 45(a)(1)(A) and 45(a)(2)(B), as the Subpoena does not give the deponent notice of the court in which the case is pending.

tendering the fees for one day's attendance and the mileage allowed by law." See generally 28 U.S.C. § 1821.

As is set forth is Section A, *supra*, the witness lives approximately 103 miles from the location to which he has been subpoenaed for attendance at his deposition. Yet Defendant tendered him a check only in the amount of eighty-eight dollars and fifty cents ($88.50), a copy of which is attached hereto as Exhibit 6. As the witness is entitled to a $40 witness fee per day, plus $.48½ per mile round trip, he was entitled to receive $139.91 with the Subpoena, as full compensation for his attendance and his round-trip travel. As Rule 45(b)(1) specifically conditions valid service upon the receipt of the appropriate fees, the Defendant's failure to tender the correct amount renders their service on Mr. Brown invalid. As such, the Subpoena seeking his deposition testimony should be quashed.

 C. Plaintiff Conferred in Good Faith to Resolve this Dispute

Plaintiff's counsel made several, good-faith efforts to confer with Defendant's counsel about the deficiencies in the Subpoena and its service and the location and schedule for Mr. Brown's deposition. Those efforts have failed to resolve this dispute.[2]

**III. THE SUBPOENA IMPOSES AN UNDUE BURDEN ON PLAINTIFF**

The parties have taken five depositions. Three of Defendant's representatives were deposed in Defendant's counsel's office in Connecticut. Two of Plaintiff's representatives traveled from Georgia to Connecticut to be deposed in Defendant's counsel's office. All of the travel burden, time and expense associated with those five depositions was borne by Plaintiff.

---

[2] In its initial filing of this memorandum, Plaintiff claimed that Defendant was "non-responsive." That draft of the memorandum was originally prepared while Plaintiff's counsel waited for Defendant's counsel to respond to an email and subsequent voice messages on this issue. When Defendant's counsel finally responded to those efforts to resolve this matter, Plaintiff's counsel inadvertently failed to update this section.

Not content with having shifted all of that burden to Plaintiff, Defendant now insists that Mr. Brown be deposed in Chicago so that Plaintiff's counsel and its representative will again have to incur the travel burden, time and expense for this deposition. Whether the deposition takes place in Chicago or Atlanta, Defendant will, for the first time, have to travel. Requiring Plaintiff to travel for this deposition serves no purpose other than to cause undue burden and travel expense. Rule 26 (c)(1)(B) expressly authorizes courts to protect parties from precisely this kind of pointless burden and expense by specifying the time and place for the deposition. Plaintiff submits that the court should require that Mr. Brown's deposition be conducted in Atlanta in order to protect Plaintiff from the undue burden and expense Defendant seems so intent on causing.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Brown and the Plaintiff request that this Court grant the Motion for Protective Order.

This 25th day of April, 2008.

Respectfully submitted,

*David C. Newman — with permission*
*MAR*

David C. Newman
Georgia Bar Number 541148
Mark A. Rogers
Georgia Bar Number 142487
Rachel King Powell
Georgia Bar Number 421311

SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
(404) 815-3500

Attorneys for Plaintiff

6

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC.,    :
    Plaintiff,    :
                                      :
           v.    :    Civ. No. 3:07CV775(AHN)
                                        :
SENSOR SWITCH, INC.,    :
    Defendant.    :

## RULING ON MOTION TO COMPEL AND FOR PROTECTIVE ORDER

Pending before the court is Aztec Energy Partners, Inc.'s ("Aztec") motion to compel and for protective order [doc. # 44]. For the reasons that follow, Aztec's motion is granted in part and denied in part.

## BACKGROUND

Aztec was hired to install motion sensing products in Albertson's retail grocery stores, and Aztec entered into a contract with defendant Sensor Switch, Inc. ("Sensor Switch") to purchase those products. Aztec claims that Sensor Switch informed Aztec that it could return any unused or defective products for a full refund. In March and April 2006, however, three subcontractors for Aztec returned products to Sensor Switch but Sensor Switch refused to issue a refund. Instead, it offered to rework the products and return them to Aztec. Aztec refused this offer and demanded a refund. Sensor Switch refused to issue a refund and sold the products that Aztec returned to it to another business. Aztec's complaint against Sensor Switch alleges breach of contract and unjust enrichment, resulting in

actual damages of $344,118.96.

## DISCUSSION

Aztec has filed a motion to compel and for protective order.
Aztec argues that Sensor Switch failed to answer interrogatories
13 through 18 in an adequate fashion, and that Sensor Switch has
noticed Aztec's corporate executives' and employee's depositions
for Hartford, Connecticut, though the executives reside in
Georgia and the employee resides in Indiana.

### I.    Motion to Compel

Aztec argues that Sensor Switch's responses to
interrogatories 13-18 were insufficient.  In those
interrogatories, Aztec seeks to determine the types of
modifications Sensor Switch made to the products that Aztec
returned, as well as how many of the products Sensor Switch
considered obsolete and had to discard.  Sensor Switch argues
that it already answered Aztec's interrogatories in the
affirmative regarding whether products had to be reworked or
discarded, and argues that any further information is irrelevant.

Discovery of matters "relevant to the subject matter
involved in the action" is appropriate.  See Fed. R. Civ. P.
26(b)(1). Additionally, "whether a specific discovery request
seeks information relevant to a claim or defense will turn on the
specific circumstances of the pending action. . . ." 6 James Wm.
Moore, et al., Moore's Federal Practice § 26.41[6][c] (3d ed.

2

2002)(citing Fed. R. Civ. P. 26(b)(1) advisory committee note (2000)).

The court agrees that Aztec is entitled to more complete and quantitative answers to its interrogatories. The interrogatories at issue are drafted in this general form:

> Please describe any and all modifications, alterations, adjustments, revisions or updates to Defendants' products [product model numbers] whether to software, hardware, or other components, from January 1, 2005 through the date of the commencement of this action.

Interrogatories 13 through 18 are directly relevant to Aztec's unjust enrichment claim, because Sensor Switch sold the products first to Aztec and then re-sold the returned products to other companies. In addition, Sensor Switch issued a $42,000 credit to Aztec for approximately $344,000 worth of products. To aid in the determination of whether Sensor Switch was unjustly enriched by approximately $302,000, Sensor Switch shall provide to Aztec general information about modifications it made to the specific products that Aztec returned so that the products could be re-sold and which product types had to be discarded.[1]

Sensor Switch resists producing the information Aztec seeks because it maintains that it could consist of trade secrets and other proprietary information. Should a protective order be

---

[1] The court notes that Aztec did not request specific quantities in its interrogatories, but in the interest of judicial efficiency, Sensor Switch shall provide that information to the extent that it has records of the amount of each product type that it modified or discarded.

3

required to protect Sensor Switch's proprietary information,
counsel for both parties shall draft a mutually satisfactory
protective order by March 24, 2008 and file it with the court.
Should the parties be unable to reach an agreement on the
language of the protective order, the parties each shall submit a
draft protective order to the court by March 31, 2008 and the
court will determine the language of the order.

II.  Motion for Protective Order

Sensor Switch seeks to depose three of Aztec's officers or
employees: Anthony Tippins, president of Aztec, who lives in
Conyers, Georgia; Michael Sweda, chief financial officer of
Aztec, who also lives in Conyers, Georgia; and Dennis Brown, an
Aztec account manager who lives in Granger, Indiana.[2]  Sensor
Switch has noticed the depositions of Aztec's executives and
employee for Hartford, Connecticut, and Aztec seeks a protective
order pursuant to Fed. R. Civ. P. 26(c), arguing that its
executives and employee should not be forced to travel to
Connecticut for their depositions.  Because Aztec has failed to
meet its burden, the court declines to issue a protective order.

---

[2] Aztec has agreed to arrange for Dennis Brown to be made
available in Atlanta, Georgia along with the other two company
executives.  In turn, Aztec also seeks to depose three of Sensor
Switch's officers or employees: Beverly Platner and Brian
Platner, principals of Sensor Switch, who live in Hartford,
Connecticut; and Ken Lacos, a Sensor Switch regional manager who
lives in Irvine, California.  Counsel for Sensor Switch
represented in an email to Aztec dated February 11, 2008 that he
would make Mr. Lacos available in Hartford.

4

As a general rule, the party that notices the deposition
"usually has the right to choose the location." Buzzeo v. Board
of Ed., 178 F.R.D. 390, 392 (E.D.N.Y. 1998). This rule is based
on the concept that the plaintiffs brought the lawsuit and
exercised their choice of forum, and the defendants did not come
before the court by choice. Id. In addition, "the plaintiff is
generally required to bear any reasonable burdens of
inconvenience that the action presents." Media Group, Inc. v.
In-Finn-ity Productions, Inc., No. 3:99cv1014, 2000 WL 303221, *1
(D. Conn. Feb. 1, 2000). Only if a plaintiff can demonstrate
special circumstances, such as financial hardship or some other
burden that outweighs any prejudice to the defendant, will the
court issue a protective order to allow the plaintiff to be
deposed outside the forum. See Seuthe v. Renwal Prods., Inc., 38
F.R.D. 323, 324 (S.D.N.Y. 1965)(holding that a German plaintiff's
vague statements regarding financial hardship were insufficient
to quash a subpoena for his deposition in New York, the forum
state). However, when a corporation is a party, there is also a
general presumption "in favor of conducting depositions of a
corporation in its principal place of business," Media Group,
Inc., 2000 WL 303221 at *1, but "[b]ecause courts retain
substantial discretion to designate the site of a deposition, the
presumption appears to be merely a decisional rule that
facilitates determination when other relevant factors do not

5

favor one side over the other." Buzzeo, 178 F.R.D. at 392
(citations omitted).

Here, Aztec has failed to show that it would suffer any
hardship or burden if its two executives traveled to Connecticut
for their depositions. Counsel for Aztec stated that Aztec's
management group is small, but that is not sufficient to outweigh
the prejudice to Sensor Switch if it were forced to travel to
Aztec's principal place of business in Georgia. Presumably, one
of Aztec's executives already plans to attend the depositions of
Sensor Switch's company representatives in Connecticut and Aztec
has local counsel in Connecticut as well. Aztec has not
demonstrated any hardship by having one of its corporate
executives stay in Connecticut an additional day for his
deposition and have the other executive travel to Connecticut for
a day. Accordingly, a protective order will not issue.

With respect to Aztec's employee in Indiana that Sensor
Switch seeks to depose, he is not an officer and cannot be
deposed by notice unless Aztec agrees to make him available. See
Schindler Elevator Corp. v. Otis Elevator Co., 2007 WL 1771509,
*2 (S.D.N.Y. June 18, 2007) ("A corporate employee or agent who
does not qualify as an officer, director, or managing agent is
not subject to deposition by notice."). According to the Federal
Rules, he should not have to be deposed outside of the 100-mile
radius of his residence and must be subpoenaed. See Fed. R. Civ.

P. 45(d)(2); Wright & Miller, 8A <u>Fed. Prac & Proc.</u> § 2103

("Except where the employee has been designated by the

corporation under Rule 30(b)(6), an employee is treated in the

same way as any other witness . . . [and h]is or her presence

must be obtained by subpoena rather than by notice").

Sensor Switch, however, also has an employee who resides in

California that Aztec seeks to depose. The court urges the

parties to engage in discussions regarding potential deposition

locations and dates that promote an efficient discovery process.

CONCLUSION

For the foregoing reasons, Aztec's motion to compel and for

protective order [doc. # 44] is GRANTED IN PART and DENIED IN

PART. Insofar as Aztec seeks to have Sensor Switch provide more

detailed and complete answers to Aztec's interrogatories 13

through 18, the motion is GRANTED. Insofar as Aztec seeks for

this court to issue a protective order shielding its executives

from being deposed in Connecticut, the motion is DENIED.

This is not a recommended ruling. This is a discovery

ruling and order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review. <u>See</u> 28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of

the Local Rules for United States Magistrate Judges. As such, it

is an order of the court unless reversed or modified by the

district judge upon motion timely made.

7

SO ORDERED this _17th_ day of March, 2008 at Bridgeport,

Connecticut.

_____/s/_____
Holly B. Fitzsimmons
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

AZTEC ENERGY PARTNERS, INC.

      Plaintiff,           :

V.                    :    CIVIL NO. 3:07 CV 775 (AHN)

                    :

SENSOR SWITCH, INC.    :

      Defendant.       :    APRIL 14, 2008

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 26 *et seq.*, at

**10:00 a.m. on Tuesday, April 29, 2008**, the undersigned will take the deposition upon oral

examination of Dennis Brown of Aztec Energy Partners, Inc. The deposition will be taken

before an official court reporter or other competent authority at the offices of Schiff Hardin LLP,

6600 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606. You are invited to attend and

cross-examine.

                    DEFENDANT,
                    SENSOR SWITCH, INC.


By_____
    Bradford S. Babbitt (ct13938)
    E-mail: bbabbitt@rc.com
    Christopher F. Girard (ct26896)
    E-mail: cgirard@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

## **CERTIFICATION**

I hereby certify that on April 14, 2008, a copy of the foregoing was sent via electronic mail and US Mail, postage prepaid, to the following counsel of record:

Beverly S. Knapp
Todd S. Federico
Cramer, Alissi & Fontaine, P.C.
750 Main Street, Suite 1600
Hartford, CT 06103

David C. Newman
James E. Connolly
Rachel King Powell
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592

And to a duly authorized process server for service upon:

Dennis Brown
15321 Stony Run Trail
Granger, IN 46530-6270

Christopher F. Girard

.O88 (Rev. 12/06 Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN        DISTRICT OF        ILLINOIS

.ZTEC ENERGY PARTNERS, INC.

**SUBPOENA IN A CIVIL CASE**

V.

ENSOR SWITCH, INC.

Case Number: 3:07 CV 775 (AHN)

O: Dennis Brown
   15321 Stony Run Trail
   Granger, IN 46530-6270

]    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| .ACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| .ACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| :hiff Hardin LLP, 6600 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606 | 4/29/08 at 10:00 a.m. |

]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| .ACE | DATE AND TIME |
| --- | --- |
| | |

]    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| EMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, ectors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| :UING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| ristopher F. Girard, Attorney for Defendant | April 14, 2008 |

;UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ristopher F. Girard, Esq.,
binson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103      Tel No.: (860) 275-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| RVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| RVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

le 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a poena shall take reasonable steps to avoid imposing undue burden or expense on erson subject to that subpoena. The court on behalf of which the subpoena was ued shall enforce this duty and impose upon the party or attorney in breach of s duty an appropriate sanction, which may include, but is not limited to, lost nings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, ting, or sampling of designated electronically stored information, books, papers, uments or tangible things, or inspection of premises need not appear in person at place of production or inspection unless commanded to appear for deposition, ring or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to duce and permit inspection, copying, testing, or sampling may, within 14 days or service of the subpoena or before the time specified for compliance if such e is less than 14 days after service, serve upon the party or attorney designated in subpoena written objection to producing any or all of the designated materials or pection of the premises -- or to producing electronically stored information in the m or forms requested. If objection is made, the party serving the subpoena shall be entitled to inspect, copy, test, or sample the materials or inspect the premises ept pursuant to an order of the court by which the subpoena was issued. If ection has been made, the party serving the subpoena may, upon notice to the son commanded to produce, move at any time for an order to compel the duction, inspection, copying, testing, or sampling. Such an order to compel shall tect any person who is not a party or an officer of a party from significant ense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall sh or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to vel to a place more than 100 miles from the place where that person resides, is ployed or regularly transacts business in person, except that, subject to the visions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend I be commanded to travel from any such place within the state in which the trial eld;

(iii) requires disclosure of privileged or other protected mater and exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential earch, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, squash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3

# Hartford Bradley International Apt
## To Atlanta

**Monday, April 28, 2008**



| Departure Time | Departure Airport | Arrival Time | Arrival Airport | Flight Number | Via | Duration |
|---|---|---|---|---|---|---|
| 6:00 AM | BDL | 8:30 AM | ATL | DL 1025 | | 2 hrs, 30 mins |
| 7:15 AM | BDL | 9:43 AM | ATL | DL 991 | | 2 hrs, 28 mins |
| 10:12 AM | BDL | 12:34 PM | ATL | DL 1270 | | 2 hrs, 22 mins |
| 12:45 PM | BDL | 3:13 PM | ATL | DL 1671 | | 2 hrs, 28 mins |
| 3:15 PM | BDL | 5:39 PM | ATL | DL 998 | | 2 hrs, 24 mins |
| 6:20 PM | BDL | 8:56 PM | ATL | DL 887 | | 2 hrs, 36 mins |

# Airport Decodes

ATL    Atlanta Hartsfield-Jackson Intl Apt
BDL    Hartford Bradley International Apt

# Airline Decodes

DL                Delta Air Lines

# Hartford Bradley International Apt
# To Atlanta

**Tuesday, April 29, 2008**



| Departure Time | Departure Airport | Arrival Time | Arrival Airport | Flight Number | Via | Duration |
|---|---|---|---|---|---|---|
| 6:00 AM | BDL | 8:30 AM | ATL | DL 1025 | | 2 hrs, 30 mins |
| 10:12 AM | BDL | 12:34 PM | ATL | DL 1270 | | 2 hrs, 22 mins |
| 12:45 PM | BDL | 3:13 PM | ATL | DL 1671 | | 2 hrs, 28 mins |
| 3:15 PM | BDL | 5:39 PM | ATL | DL 998 | | 2 hrs, 24 mins |
| 6:20 PM | BDL | 8:56 PM | ATL | DL 4477* | | 2 hrs, 36 mins |

## Airport Decodes

ATL  Atlanta Hartsfield-Jackson Intl Apt
BDL  Hartford Bradley International Apt

## Airline Decodes

DL           Delta Air Lines

# Hartford Bradley International Apt
## To Atlanta

**Wednesday, April 30, 2008**



| Departure Time | Departure Airport | Arrival Time | Arrival Airport | Flight Number | Via | Duration |
|---|---|---|---|---|---|---|
| 6:00 AM | BDL | 8:30 AM | ATL | DL 1025 | | 2 hrs, 30 mins |
| 7:15 AM | BDL | 9:43 AM | ATL | DL 991 | | 2 hrs, 28 mins |
| 10:12 AM | BDL | 12:34 PM | ATL | DL 1270 | | 2 hrs, 22 mins |
| 12:45 PM | BDL | 3:13 PM | ATL | DL 1671 | | 2 hrs, 28 mins |
| 3:15 PM | BDL | 5:39 PM | ATL | DL 998 | | 2 hrs, 24 mins |
| 6:20 PM | BDL | 8:56 PM | ATL | DL 887 | | 2 hrs, 36 mins |

# Airport Decodes

ATL    Atlanta Hartsfield-Jackson Intl Apt
BDL    Hartford Bradley International Apt

# Airline Decodes

DL                Delta Air Lines

# Hartford Bradley International Apt
## To Atlanta

**Thursday, May 01, 2008**



| Departure Time | Departure Airport | Arrival Time | Arrival Airport | Flight Number | Via | Duration |
|---|---|---|---|---|---|---|
| 6:00 AM | BDL | 8:30 AM | ATL | DL 1025 | | 2 hrs, 30 mins |
| 7:15 AM | BDL | 9:43 AM | ATL | DL 991 | | 2 hrs, 28 mins |
| 10:12 AM | BDL | 12:34 PM | ATL | DL 1573 | | 2 hrs, 22 mins |
| 12:45 PM | BDL | 3:13 PM | ATL | DL 1868 | | 2 hrs, 28 mins |
| 3:15 PM | BDL | 5:39 PM | ATL | DL 1750 | | 2 hrs, 24 mins |
| 6:20 PM | BDL | 8:56 PM | ATL | DL 887 | | 2 hrs, 36 mins |

## Airport Decodes

ATL    Atlanta Hartsfield-Jackson Intl Apt
BDL    Hartford Bradley International Apt

## Airline Decodes

DL                Delta Air Lines

# Hartford Bradley International Apt
# To Atlanta

**Friday, May 02, 2008**



| Departure Time | Departure Airport | Arrival Time | Arrival Airport | Flight Number | Via | Duration |
|---|---|---|---|---|---|---|
| 6:00 AM | BDL | 8:30 AM | ATL | DL 1025 | | 2 hrs, 30 mins |
| 7:15 AM | BDL | 9:43 AM | ATL | DL 991 | | 2 hrs, 28 mins |
| 10:12 AM | BDL | 12:34 PM | ATL | DL 1573 | | 2 hrs, 22 mins |
| 12:45 PM | BDL | 3:13 PM | ATL | DL 1868 | | 2 hrs, 28 mins |
| 3:15 PM | BDL | 5:39 PM | ATL | DL 1750 | | 2 hrs, 24 mins |
| 6:20 PM | BDL | 8:56 PM | ATL | DL 887 | | 2 hrs, 36 mins |

# Airport Decodes

ATL   Atlanta Hartsfield-Jackson Intl Apt
BDL   Hartford Bradley International Apt

# Airline Decodes

DL              Delta Air Lines

4





**A: 233 S Wacker Dr, Chicago, IL 60606-6306**

| | | |
|---|---|---|
| START | **1:** Start out going NORTH on S UPPER WACKER DR/S WACKER DR toward W ADAMS ST. | 0.0 mi |
| | **2:** Turn LEFT onto W ADAMS ST. | 0.0 mi |
| | **3:** Turn LEFT onto ramp. | 0.1 mi |
| | **4:** Turn SLIGHT LEFT onto S LOWER WACKER DR. | 0.0 mi |
| | **5:** Stay STRAIGHT to go onto ramp. | 0.3 mi |
| | **6:** Merge onto W CONGRESS PKWY. | 0.1 mi |
| | **7:** W CONGRESS PKWY becomes I-290 W/EISENHOWER EXPY W. | 0.2 mi |
| | **8:** Merge onto I-90 E/I-94 E/DAN RYAN EXPY E toward INDIANA. | 7.6 mi |
| | **9:** Keep LEFT to take I-90 E via EXIT 59A toward INDIANA TOLL RD (Portions toll) (Crossing into INDIANA). | 90.2 mi |
| | **10:** Take the IN-331 exit, EXIT 83, toward MISHAWAKA. | 0.8 mi |
| | **11:** Turn RIGHT onto IN-331 N/CAPITAL AVE. | 0.3 mi |
| | **12:** Turn RIGHT onto IN-23. | 3.3 mi |
| | **13:** Turn LEFT onto COVERED BRIDGE DR. | 0.2 mi |
| | **14:** Turn RIGHT onto WILKINS MILL DR. | 0.1 mi |

**END** 15: End at 11624 Wilkins Mill Dr Granger, IN 46530-8136

Estimated Time: 1 hour 47 minutes    Estimated Distance: 103.31 miles

**B: 11624 Wilkins Mill Dr, Granger, IN 46530-8136**

Total Time: 1 hour 47 minutes    Total Distance: 103.31 miles



Directions and maps are informational only. We make no warranties on the accuracy of their content, road conditions or route usability or expeditiousness. You assume all risk of use. MapQuest and its suppliers shall not be liable to you for any loss or delay resulting from your use of MapQuest. Your use of MapQuest means you agree to our Terms of Use

5



Start **11624 Wilkins Mill Dr**
Granger, IN 46530

End **233 S Wacker Dr**
Chicago, IL 60606

Travel 103 mi – about 1 hour 52
mins



**11624 Wilkins Mill Dr**
**Granger, IN 46530**

Drive: 103 mi – about 1 hour 52 mins

| | | |
|---|---|---|
| 1. | Head west on **Wilkins Mill Dr** toward **Covered Bridge Dr** | 308 ft |
| 2. | Turn left at Covered Bridge Dr | 0.2 mi 1 min |
| 3. | Turn right at **Adams Rd/IN-23** Continue to follow IN-23 | 3.3 mi 7 min |
| 4. | Turn left at Capital Ave/IN-331 S | 0.3 mi 1 min |
| 5. | Turn left onto the ramp to **I-80 W/I-90 W/Indiana Toll Rd** Partial toll road | 0.2 mi 2 mins |
| 6. | Keep right at the fork, follow signs for I-80 W/I-90 W/Chicago and merge onto I-80 W/I-90 W/ Indiana Toll Rd Continue to follow I-90 W Partial toll road Entering Illinois | 97.0 mi 1 hour 38 mins |
| 7. | Take exit 51H toward **Chicago Loop/Congress Pkwy** | 0.7 mi 1 min |
| 8. | Merge onto Eisenhower Expy E/I-290 E | 0.4 mi 1 min |
| 9. | Take the **Wacker Dr** exit | 0.2 mi |
| 10. | Follow signs for Lower Wacker Dr and merge onto S Wacker Dr | 453 ft |
| 11. | Continue on **S Lower Wacker Dr** | 0.1 mi |

**233 S Wacker Dr**
**Chicago, IL 60606**

**Overview**



**Start**



**End**





Map data ©2008 NAVTEQ™,
Sanborn

These directions are for planning purposes only. You may find that construction
projects, traffic, or other events may cause road conditions to differ from the map
results.

Map data ©2008 NAVTEQ™, Sanborn



Start **11624 Wilkins Mill Dr**
**Granger, IN 46530**
End **233 S Wacker Dr**
**Chicago, IL 60606**
Travel **103 mi – about 1 hour 52 mins**


Get Google Maps on your phone
Text the word "GMAPS" to 466453

📍 **11624 Wilkins Mill Dr**
**Granger, IN 46530**
Drive: 103 mi – about 1 hour 52 mins

**Overview**



| | | |
|---|---|---|
| 1. | Head west on **Wilkins Mill Dr** toward **Covered Bridge Dr** | 308 ft |
| 2. | Turn left at **Covered Bridge Dr** | 0.2 mi<br>1 min |
| 3. | Turn right at **Adams Rd/IN-23**<br>Continue to follow IN-23 | 3.3 mi<br>7 mins |
| 4. | Turn left at **Capital Ave/IN-33 N/S** | 0.3 mi<br>1 min |
| 5. | Turn left onto the ramp to **I-80 W/I-90 W/Indiana Toll Rd**<br>Partial toll road | 0.2 mi<br>2 mins |
| 6. | Keep right at the fork, follow signs for **I-80 W/I-90 W/Chicago** and merge onto **I-80 W/I-90 W/Indiana Toll Rd**<br>Continue to follow I-90 W<br>Partial toll road<br>Entering Illinois | 97.0 mi<br>1 hour 38 mins |
| 7. | Take exit 51H toward **Chicago Loop/Congress Pkwy** | 0.7 mi<br>1 min |
| 8. | Merge onto **Eisenhower Expy E/I-290 E** | 0.4 mi<br>1 min |
| 9. | Take the **Wacker Dr** exit | 0.2 mi |
| 10. | Follow signs for **Lower Wacker Dr** and merge onto **S Wacker Dr** | 453 ft |
| 11. | Continue on **S Lower Wacker Dr** | 0.1 mi |

**Start**



**End**

📍 **233 S Wacker Dr**
**Chicago, IL 60606**

Map data ©2008 NAVTEQ™, Sanborn

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2008 NAVTEQ™, Sanborn

6

ROBINSON & COLE LLP

LAW OFFICES
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8200

Bank of America
Hartford, CT

Check I

April 1

PAY **Eighty-Eight & 50/100***

DOLLA

Pay to the Order of:    DENNIS BROWN
                        15321 STONY RUN
                        GRANGER, IN 46

TRAIL
04270

ROBIN

ERVICES INC.

9 • South Bend, IN 46680
x: (574) 251-0480
: (574) 251-0285
ee: (877) 251-4568
: casey@caseyti.com
de: www.caseyti.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**Case Presently Pending:**

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC.,

        Plaintiff,

v.                                    CIVIL NO. 3:07 CV 775 (AHN)

SENSOR SWITCH, INC.,

        Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing REVISED MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR PROTECTIVE ORDER has been served upon all parties by facsimile and by depositing a copy of same in Federal Express to:

    Bradford S. Babbitt, Esq.
    Christopher F. Girard, Esq.
    Robinson & Cole, LLP
    280 Trumbull Street
    Hartford, CT  06103-3597

    This 25th day of April, 2008.

                              Mark A. Rogers