# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2379 | **DATE** | 5/6/2008 |
| **CASE TITLE** | Aztec Energy Partners, Inc. Vs. Sensor Switch, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's Motion for Protective Order [Doc. 1] is denied.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, a Georgia company, has sued Defendant, a Connecticut company, in the district of Connecticut. The parties are before this court on Plaintiff's motion to quash a deposition subpoena Defendant issued to Dennis Brown, an employee of Plaintiff who resides in Granger, Indiana. Plaintiff argues that the subpoena is invalid because it requires Mr. Brown to travel more than 100 miles, and because it did not include the proper witness fee. The court addresses each argument in turn.

**A.　100-Mile Rule**

Judge Holly Fitzsimmons, the magistrate judge assigned to the Connecticut case, has already ruled that Mr. Brown cannot be forced to testify in Connecticut. (Ruling on Motion to Compel and for Protective Order, Ex. 1 to Pl. Mem.) Accordingly, Defendant has noticed Mr. Brown's deposition at the offices of Schiff Harden LLP, 233 S. Wacker Drive in Chicago, Illinois. Plaintiff objects to this location, and apparently wants the deposition to take place in Atlanta, though it has not made clear whether it would pay Mr. Brown's expenses for traveling there.

Rule 45(c)(3)(A)(ii) states that a third-party cannot be required to "travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Defendant insists this means 100 miles "as the crow flies"; Plaintiff says it contemplates driving miles. This distinction matters here because Granger, Indiana is less then 80 miles from Chicago as the crow flies, but 103 driving miles from Mr. Brown's residence to the location of the deposition.

The purpose of Rule 45(c) is to protect third-party witnesses from undue burden and inconvenience in responding to a subpoena. *See, e.g., Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56, 63 (S.D.N.Y. 1998) (intent of Rule 45(c) is "to protect nonparty witnesses from being inconvenienced by being

compelled to travel inordinate distances to have their depositions taken.") Neither the Seventh Circuit, nor any courts within this district, has addressed the proper method of measuring the 100 miles.

In *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214 (D. Conn. 1977), a Connecticut district court noted that "[e]arly decisions construed such 100-mile provisions as referring to the ordinary, usual, and shortest route of travel." *Id.* at 215. In 1963, however, Rule 4(f) was added to the federal rules, allowing service of process at all places outside the state but not more than 100 miles from the place in which the action is commenced. The Advisory Committee Notes stated that this provision was adopted "[i]n the light of present-day facilities for communication and travel" and is "analogous to the service of a subpoena under Rule 45[(c)]."

The court held that uniform interpretation of the 100-mile provision in Rule 4(f), Rule 45(c), and Rule 32 (regarding using depositions in court proceedings) achieves the following benefits: (1) it "modestly expands the reach of civil trial subpoenas, thus promoting the favored policy of affording the trier an opportunity to hear witnesses in person"; (2) it "avoids trivial disputes as to which actually are the ordinary, usual, and shortest routes of travel"; and (3) it "eliminates the anomaly that would otherwise exist of a plaintiff's being able to sue a person within 100 air miles of the courthouse, but not being able to present that defendant's live testimony to the trier when the defendant lives more than 100 travel miles away." *Id.* at 215-16.

Other courts have followed this rationale. *See Palazzo ex rel. Delmage v. Corio*, 204 F.R.D. 639 (E.D.N.Y. 1998) ("[T]he proper measure [of the 100-mile travel limit] is "as the crow flies - i.e., a straight line measurement."); *D'Allesandro v. Johnson & Wales Univ.*, No. CIV. 94-543-SD, 1995 WL 113928, at *3 n.7 (D.N.H. Mar. 16, 1995) ("Current cases discussing the 100-mile limitation imposed by Rule 45 indicate that said distance is measured along a straight line on a map rather than along the ordinary, usual, and shortest route of public travel."); *Hill v. Equitable Bank, Nat'l Ass'n*, 115 F.R.D. 184, 186 (D. Del. 1987) (adopting straight line measurement set forth in *SCM Corp.*); *United States v. International Business Machines Corp.*, 90 F.R.D. 377, 383 n.9 (S.D.N.Y. 1981) ("This court agrees that the distance should be measured 'as the crow flies'").

Consistent with these cases, Judge Fitzsimmons stated in her March 17, 2008 ruling that Mr. Brown "should not have to be deposed outside of the 100-mile *radius* of his residence," implying a straight line measurement. (Ex. 1 to Pl. Mem., at 6) (emphasis added). The court agrees that the straight line measurement is most appropriate. Using this calculation, Mr. Brown lives approximately 80 miles from Chicago. The motion to quash the subpoena based on the distance he must travel is therefore denied.

**B.  Witness Fee**

Plaintiff nonetheless argues that the subpoena is invalid because Defendant did not supply the proper witness fee at the time of service of the subpoena. "Effective service of a subpoena requires that the fees for one day's attendance and mileage allowed by law be tendered to the witness at the time of service. Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend." *Andreola v. State of Wisconsin*, No. 04-C-0282, 2006 WL 897787, at *10 (E.D. Wis. Apr. 4, 2006). Here, at the time of service, Defendant gave Mr. Brown a check in the amount of $88.50. Plaintiff has objected that Mr. Brown is actually entitled to $139.91, and Defendant has responded by mailing a second check to Mr. Brown covering the difference ($51.41).

To the extent Defendant did tender a witness and mileage fee to Mr. Brown, albeit in the wrong amount, and has now provided the full fee, the court declines to quash the subpoena on this basis. *See, e.g., Klockner Namasco Holdings Corp. v. DailyAccess.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) ("This late tender may

**STATEMENT**

justify compelling [the witness] to attend his deposition subsequent to the tender" of the witness fee.) *Cf. Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386(AGS), 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where *no fee* is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.") (emphasis added).

For all the reasons stated, Plaintiff's motion for a protective order is denied.