FILED

MAY 0 2 2008
May 2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NF,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

AZTEC ENERGY PARTNERS, INC.
    Plaintiff,                     :    CIVIL NO. 1-08-CV-02379

V.                               :

                               :    *The Honorable Virginia M. Kendall, presiding*

SENSOR SWITCH, INC.        :

    Defendant.            :    APRIL 30, 2008

**Case Presently Pending:**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AZTEC ENERGY PARTNERS, INC.
    Plaintiff,                    :

V.                               :

                               :    CIVIL NO. 3:07 CV 775 (AHN)

SENSOR SWITCH, INC.        :

    Defendant.            :    APRIL 30, 2008

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION FOR PROTECTIVE ORDER

Defendant Sensor Switch, Inc., hereby opposes plaintiff Aztec Energy Partners, Inc.'s

("Aztec") Motion for Protective Order dated April 24, 2008.

Sensor Switch has served a valid subpoena on Dennis Brown and Aztec has articulated

no grounds on which to quash the subpoena. In moving for a protective order, Aztec ignores a

ruling *The Honorable Holly B. Fitzsimmons, U.S.M.J.,* in the underlying case, that Dennis Brown

"should not have to be deposed outside of the 100-mile *radius* of his residence and must be

subpoenaed." (Plaintiff's Exhibit 1 ("Ruling") at 6 (emphasis added).[1]) Sensor Switch has done

precisely that — issued a subpoena for Mr. Brown to be deposed in less than *eighty* miles from

---

[1]    Neither party appealed the Ruling to the District Court Judge.

his home.  Aztec also ignores the plain text of Rule 45 and controlling precedent from this

Circuit, which establishes that the 100-mile rule in Rule 45 is a straight line on a map, and not a

driving distance.  Because Aztec's motion lacks any support in fact or law, the motion for

protective order should be denied.

## I.    FACTS

Aztec has endeavored to use discovery to drive up Sensor Switch's costs to defend this

modest contract dispute.  Aztec voluntarily chose to file suit in Connecticut.  Nonetheless, Aztec

ignored that fact when it tried to force Sensor Switch to depose Aztec's officers in its home state

of Georgia rather than in the forum in which it chose to file suit, Connecticut.  (Ruling at 4-6.)

Magistrate Judge Fitzsimmons rejected that attempt, finding that Aztec had failed to make any

showing that justified a departure from the usual rule that the deposition of a plaintiff and its

officers may be had in the forum in which it filed suit.  (*Id.*)

Both Aztec and Sensor Switch had one employee that the other side chose to depose.

Aztec's employee resides in Indiana; Sensor Switch's employee resides in California.  Given that

the depositions of the parties' officers were scheduled to take place in Connecticut, Sensor

Switch voluntarily agreed to bring its employee to Connecticut for his deposition.  True to its

word, Sensor Switch brought its employee to Connecticut for the deposition on April 23, the day

after one of Aztec's officers was deposed.  Sensor Switch paid for that three day round trip at its

own expense.[2]

Aztec, conversely, refused to bring its employee to Connecticut so he could be deposed at

the same time as all of the other witnesses.  Instead, Aztec insisted that its employee, Dennis

Brown, be deposed in Atlanta or in Granger, Indiana, Mr. Brown's hometown.  Counsel for the

---

[2]    Thus, Aztec's charge that Sensor Switch somehow sought to spread out the depositions to increase expense is simply unfounded.  There have been five depositions to date.  The first three were held on April 16, 17 and 18. The next two were held on April 22 and 23.

parties discussed this issue by phone on March 26, 2008 and again in early April. Aztec refused

Sensor Switch's suggestion that the deposition take place in Connecticut or in Chicago. Aztec

never budged from its insistence that the deposition take place in Atlanta.

Having failed to reach agreement on the location of Mr. Brown's deposition and with the

discovery deadline approaching on April 30, Sensor Switch had no choice but to issue a

subpoena for Mr. Brown consistent with the District Court's previous ruling and consistent with

the Federal Rules of Civil Procedure.

Sensor Switch issued the subpoena to Mr. Brown, who was served on Friday, April 18.

(See Prrof of Service, Exhibit B.) Mr. Brown's home address is 11624 Wilkins Mill Dr,

Granger, IN 46530.[3] The subpoena compels Mr. Brown's attendance at the Chicago offices of

Schiff Hardin, LLP, which is located at the Sears Tower, 233 S. Wacker Drive, Chicago, IL

60606. The undersigned performed searches using numerous different websites that calculate

straight line distance between cities and, for sake of accuracy, zip codes. A website that

calculates distance between cities calculated the distance between Granger, Indiana and Chicago,

Illinois at 80 miles. The three websites that calculate distances between zip codes calculated the

distance between the 46530 zip code and the 60606 zip code as 77.5, 76.64, and 76.66 miles,

respectively. (See Exhibit C.) Thus, these four independent sources are all consistent with one

another and, most importantly, all demonstrate that Mr. Brown's home and the deposition site

are not nearly 100 miles apart.

## II. ARGUMENT

### A. The Subpoena is Valid.

#### 1. *Mr. Brown lives less than 80 miles from the deposition site in Chicago.*

---

[3]     The subpoena bears the address of another Dennis Brown in Granger, Indiana. This error was realized and the correct Dennis Brown was served.

The subpoena is valid because Mr. Brown lives less than 80 miles from the deposition site at the Sears Tower in Chicago. (*See* Exhibit C.) Aztec nevertheless contends that the driving distance for Mr. Brown will be just over 100 miles, rendering the subpoena invalid. Noticeably, Aztec fails to provide any authority for the proposition that the 100 mile rule in Rule 45 refers somehow to anything other than a 100-mile radius.

The 100 miles rule employed by Rule 45 is a straight line radius of 100 miles. *McGill v. Duckworth*, 944 F.2d 344, 353-54 (7th Cir. 1991) (referring to one hundred mile radius of subpoena power); *Morris v. Genmar Indus., Inc.*, 1993 U.S. Dist. LEXIS 8352 (N.D. Ill. 1993) (same); *Giguere v. Vulcan Materials*, 1988 U.S. Dist. LEXIS 17157, at *7-*8 (N.D. Ill. 1988) ("Rule 45 requires a person to attend a deposition at any place within 100 miles of his or her residence . . . . Although all of the witnesses that the defendant named reside in another district, the proximity of these witnesses' Northwest Indiana residences to Chicago would make them all subject to the subpoena power of this court"); *see also SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214, 215 (D. Conn. 1977) (adopting radius interpretation for Rule 45, noting that "[s]ince its adoption in 1963, the 100-mile distance for 'bulge' service has uniformly been construed to mean a straight line measurement."). Controlling precedent in this Circuit establishes that Aztec's argument is incorrect as a matter of law.

Further, Magistrate Judge Fitzsimmons's ruling in the underlying case put Aztec on clear and unmistakable notice that its argument lacked merit. Judge Fitzsimmons ruled that Mr. Brown "should not have to be deposed outside of the 100-mile radius of his residence . . . ." (Ruling at 6.) Aztec chose not to file a motion with the district court seeking to modify or reverse that order. Hence, even if Aztec was unaware that this Circuit had clearly established that the 100-mile distance of Rule 45 is measured by a straight line, Aztec was on explicit notice

that its preferred method of measurement, some form of driving distance, was not authorized by the court presiding over the underlying case.

Further, Rule 45(c)(3)(A) provides, in relevant part that, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . .(ii) requires a person who is not a party or an officer of a party *to travel to a place more than 100 miles from the place where that person resides*, is employed or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added). This language is entirely consistent with the "radius" or "straight line" construction of Rule 45. Had the drafters desired to give the rule the meaning proposed by Aztec, they could have simply omitted the words "to a place" from the rule, and simply barred more than 100 miles of travel.

Aztec's only citation on this issue, to *Jamsports & Entm't, LLC v. Paradama Prods., Inc.*, 2005 WL 14917 (N.D. Ill. Jan. 3, 2005), is inapposite. There, the witness whose presence was at issue lived in Texas and was subpoenaed to appear at a trial in Illinois. The witness, thus, had to travel to a place far more than 100 miles from the place of his home and residence. Nowhere in *Jamsports* does the court adopt a rule consistent with Aztec's argument that driving distance is somehow the relevant inquiry.[4]

The law is clear: subpoenas issued under Rule 45 are valid within a straight line radius of 100 miles. *McGill*, 944 F.2d at 353-54. Aztec's argument to the contrary lacks merit. The motion should be denied.

### 2. *The witness fee has been paid in full.*

Aztec contends that the subpoena is invalid because the full witness fee has not been paid. Rather than address the merits of this contention, Sensor Switch directs the Court's

---

[4]     The hypothetical situation discussed by the *Jamsports* Court involving a witness who lives in Galena, in the Northern District of Illinois but more than 100 miles from the Court, is also inapposite. Galena is over 140 straight line miles from the Eastern Division courthouse in Chicago. (*See* Exhibit D.)

attention to Exhibit E, a copy of a check for the claimed difference of $51.41, payable to Mr. Brown, which was mailed on April 25, 2008. Thus, any purported deficiency in the witness fee has been corrected. The motion should, therefore, be denied.

### 3. Sensor Switch conferred in good faith.

Contrary to Aztec's contentions, Sensor Switch engaged in good faith negotiations concerning the place and time of Mr. Brown's deposition. Aztec first insisted that it be held in Atlanta. Sensor Switch suggested that the deposition be held in Connecticut, along with all of the other depositions that were taking place at that time. Aztec again insisted that it be held in Atlanta. Sensor Switch suggested that the deposition be held in Chicago, because Chicago was a far shorter trip for the witness as well as defense counsel than Atlanta was. Aztec repeated its insistence that the deposition be held in Atlanta.

Aztec apparently believes that adopting an unreasonable position and refusing to change from that position constitutes good faith negotiations. Aztec's intransigence with respect to the location of the deposition of Mr. Brown renders its accusations against Sensor Switch ironic. Sensor Switch made a reasonable proposal to hold the deposition in Chicago, a location that was easily accessible to the witness and to all counsel, that was closer to home for the witness, and that was, in fact, closer to Atlanta than Hartford, Connecticut.[5] The motion should, therefore, be denied.

### B. The Subpoena Imposes No Undue Burden

Because the subpoena of Mr. Brown is valid and is entirely consistent with the District of Connecticut's previous Ruling, the Court's inquiry should end there. Nevertheless, Aztec insists on arguing once again that it is entitled to have a deposition in Atlanta due to alleged undue

---

[5]    Chicago, Illinois is 585 miles from Atlanta, Georgia. Hartford, Connecticut is 846 miles from Atlanta. *See* Exhibit C.

burden imposed by forcing Aztec's counsel to travel to Chicago for Mr. Brown's deposition. There is no undue burden.

Interestingly, Aztec's analysis of the purported burdens in this case focuses on the burden on Aztec and, more accurately, its counsel, as opposed to the witness, Mr. Brown. The 100 mile rule in Rule 45 is designed to limit the burden on the *witness* under subpoena, not on a party or its counsel. In fact, the convenience of counsel "cannot weigh much" compared to the inconvenience to the nonparty witnesses. *Yaskawa Elec. Corp. v. Kollmorgen Corp.*, 201 F.R.D. 443, 445 (N.D. Ill. 2001) ("the convenience of counsel is less compelling than any hardship to the witnesses."). Mr. Brown lives within 80 miles of Chicago, and some 550 miles from Atlanta.[6]

Finally, Aztec continues to insist that Sensor Switch has acted unreasonably, arguing it has placed the burden and expense of travel on Aztec. It appears that Aztec wants to reargue the motion that it lost when Magistrate Judge Fitzsimmons found that Aztec had failed to adduce any basis to depart from the rule that depositions of a plaintiff's officers should take place in the forum in which the plaintiff chose to file suit. Aztec chose the forum; that it is now unhappy with that choice does not make Sensor Switch's reliance on its choice unreasonable. But Aztec continues to ignore the fact that Sensor Switch voluntarily produced its California-based employee, Ken Lancos, in Connecticut for his deposition, at its own expense. Mr. Lancos missed three days of work in coming to Connecticut for his deposition. Had Sensor Switch taken the same unreasonable and inflexible position as Aztec, his deposition would have had to be taken in California. Sensor Switch acted reasonably by facilitating an efficient deposition in

---

[6]     Although Aztec has indicated that Mr. Brown will be in Atlanta in the coming week, the parties have failed to find a mutually convenient date for Mr. Brown's deposition. Sensor Switch has indicated that it is willing to reschedule the deposition for Mr. Brown's convenience. (*See* Exhibit A.)

Connecticut when the other depositions were taking place and choosing not to force Aztec to take a deposition in California. The motion should, therefore, be denied.

### III.    CONCLUSION

For the foregoing reasons, Sensor Switch respectfully requests that the Court deny Aztec's motion for protective order.

DEFENDANT,
SENSOR SWITCH, INC.

By: _____
Bradford S. Babbitt (ct13938)
E-mail: bbabbitt@rc.com
Christopher F. Girard (ct26896)
Email: cgirard@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## **CERTIFICATION**

I hereby certify that on April 30, 2008, a copy of the foregoing has been served on all

parties via Federal Express to:

Beverly S. Knapp
Cramer, Alissi & Fontaine, P.C.
750 Main Street, Suite 1600
Hartford, CT 06103

David C. Newman
James E. Connolly
Rachel King Powell
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592

_____
Christopher F. Girard

A

# ROBINSON & COLE LLP

CHRISTOPHER F. GIRARD

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
cgirard@rc.com
Direct (860) 275-8343

*Via Electronic Mail and U.S. Mail*

April 24, 2008

David Newman
Rachel King Powell
Smith Gambrell & Russell
Promenade II, Suite 3100
1230 Peachtree Street N.E.,
Atlanta, GA 30309

Re:  Aztec Energy Partners, Inc. v. Sensor Switch, Inc.—Brown Subpoena

Dear Counsel:

This is in response to Attorney Newman's telephone conversation with Brad Babbitt yesterday concerning the subpoena served on Dennis Brown of Aztec Energy Partners, Inc.  Specifically, we disagree with your conclusion that the subpoena of Mr. Brown is invalid in light of the 100 mile reach of the subpoena under Rule 45.

Mr. Brown's address in Granger, Indiana is well within 100 miles of the place of the deposition in Chicago, Illinois.  In fact, it is only approximately eighty miles away. The only way in which the distance between those two addresses could come close to the 100 mile limit would be to measure by driving distance, which is not the applicable standard.

Magistrate Judge Fitzsimmons' March 17 ruling on Aztec's motion for protective order directed that, under the Federal Rules, Sensor Switch was entitled to subpoena Mr. Brown and depose him within a 100 mile *radius* of his home. *See* Ruling at 6. Judge Fitzsimmons accurately stated the law that Rule 45 refers to a 100 mile radius as opposed to a 100 mile drive.  That understanding of the rule has been endorsed by the District of Connecticut as well as the issuing court, in this case, the U.S. District Court for the Northern District of Illinois. *See, e.g., McGill v. Duckworth,* 944 F.2d 344, 353-54 (7th Cir. 1991); *Morris v. Genmar Indus., Inc.,* 1993 U.S. Dist. LEXIS 8352 (N.D. Ill. 1993); *Giguere v. Vulcan Materials,* 1988 U.S. Dist. LEXIS 17157, at *7-*8 (N.D. Ill. 1988); *see also SCM Corp. v. Xerox Corp.,* 76 F.R.D. 214, 215 (D. Conn. 1977) ("Since its adoption in 1963, the 100-mile distance for 'bulge' service has uniformly been construed to mean a straight line measurement.").  The subpoena



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

www.rc.com

# ROBINSON & COLE LLP

David Newman
Rachel King Powell
April 24, 2008
Page 2

is clearly valid in light of the fact that the straight line distance from Mr. Brown's home to the deposition site is well under 100 miles.

As for the schedule of Mr. Brown's deposition, we are not available on either April 28 or May 1, but we are willing to reschedule if necessary to accommodate the witness' schedule.

Finally, if you believe the witness fee provided to Mr. Brown is inadequate, please let us know and we will provide a supplemental witness fee immediately if appropriate.

Very truly yours,

Christopher F. Girard

Copy to:      Beverly Knapp, Esq. (via e-mail)
              Bradford S. Babbitt, Esq. (via e-mail)



B

\O88 (Rev. 12/06 Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN     DISTRICT OF     ILLINOIS

\ZTEC ENERGY PARTNERS, INC.

       V.

ENSOR SWITCH, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: 3:07 CV 775 (AHN)

O: Dennis Brown
    15321 Stony Run Trail
    Granger, IN 46530-6270

]   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| .ACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

| YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| --- | --- |
| .ACE OF DEPOSITION | DATE AND TIME |
| **hiff Hardin LLP, 6600 Sears Tower, 233 S. Wacker Drive, Chicago, IL 60606** | **4/29/08 at 10:00 a.m.** |

| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): | |
| --- | --- |
| .ACE | DATE AND TIME |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below | |
| --- | --- |
| EMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, .ectors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| UING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| .istopher F. Girard, Attorney for Defendant | April 14, 2008 |

UING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
.istopher F. Girard, Esq.,
.binson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103      Tel No.: (860) 275-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88 (Rev. 12/06 Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE 4/18/08 | PLACE 11624 WILKINS MILL DR GRANGER, IN. 46530 |
|---|---|---|

SERVED _DIANE BROWN_

SERVED ON (PRINT NAME)          IN PERSON

                                MANNER OF SERVICE

SERVED BY (PRINT NAME) _CASEY J. MAJOR_

_PRESIDENT OF CASE SERVICES INC._

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _4/18/08_
DATE

SIGNATURE OF SERVER

_P.O. BOX 2243_
ADDRESS OF SERVER

_SOUTH BEND IN 46680_

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of its duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

C



# BALI & INDONESIA ON THE NE

- Tourism Info: Bali & Indonesia
- All Hotels & Resorts in Bali
- International Hotels in Bali
- Jakarta Hotels
- International Hotels
- Bali for Family
- Travel8Ways.com: international hotels, flights, and tours by indo.com

**Distance** between **Granger, Indiana, United States** and **Chicago, Illinois, United States**, as the crow flies:

### 80 miles (129 km) (70 nautical miles)

Initial heading from Granger to Chicago:
### west (275.5 degrees)
Initial heading from Chicago to Granger:
### east (94.5 degrees)

| Travel Distance | Shaklee Independent Dist |
|---|---|
| Trusted Travel Distance Answers From Users. It's Free! | Fast Delivery. Secure Ordering. Online or call 800-364-5490. |

See airfares between these two cities in Travel8Ways.com.
See hotels in these two cities in Hotels.Indo.Com or Travel8Ways.com.
See driving distance and directions (courtesy Maps.com)

## Granger, Indiana, US [hotels, attractions, books, community, map]

County: **St. Joseph County**
Location: **41:44:08N 86:08:22W**
Population (1990): **20241**
Elevation: **805 feet**

## Chicago, Illinois, US [hotels, attractions, books, community, map]

County: **Cook County**
Location: **41:50:13N 87:41:06W**
Population (1990): **2783726**
Elevation: **596 feet**

You may try a new search.

Ads by Google 

**Google** [                    ]    Search

**Distance Between Cities**
Find The Distance Between Any Two Cities with the Free Maps Toolbar
Maps.alottoolbars.com

Travel8Ways.Com    City: [                    ]    Search Hotel
Check In: [--] [--]    Check Out: [--] [--]

## Find me a Hotel in Bali or Jakarta!

check in    2008/05/04
check out   2008/05/12
hotel region    South Bali : Nusadua, Jimbaran, Tuban, Kuta, Seminyak, Kerobokan, Canggu, Sanur
no. of rooms    1

price range    don't care    search
advanced hotel search ...

**Driving Distance**
Learn How To Calculate Your Travel Distance. Get Free Tips & Ideas Now
Blurtit.com

**Driving Distances**
Top 5 Websites For Driving Distances Calculator
www.Faster-1.com

**Driving Distance**
Find Driving Distance Maps at Great Prices.
www.Pronto.com

home | destinations | interests | indonesia | smart tips | members | art & crafts | featured
featured article | news archives | about us | terms | vendors | advertisers | affiliates | cont

developed, designed, and maintained by indo.com © 2006 All Rights Reserved







**Airline Tickets**
Get quotes from all major carriers. Save time and money!
LowFares.com/Ticketing

**Auto Box Cutter/opener**
Box openers starting at $35,000 Mfd. specifically for dist. centers
www.casecutter.com

**Silhouet-Tone Spa Equip.**
PBJ Dist. Spa Consulting & Sales Silhouet-Tone, Oakworks, Luzern...
www.PamBrownDistributors.com



Ads by Goog

**MELISSA DATA**      Products    Downloads    Lookups    Support    Contact

Sign In                                                                 Sear

# Discover new markets with
# easy online search

>> Get company names, addresses, size, SIC codes and more...



## Distance between ZIP Codes Lookup                     Inde:

This program displays the distance between any two 5-digit ZIP Code in the United States.
Enter the two ZIP Codes and click on **Calculate**.

**Enter First ZIP Code**  46530            **Enter Second ZIP Code**  60606

**GRANGER, IN**                            **CHICAGO, IL**



Distance from first to second ZIP Code is **77.5** miles

---

NewsLetters | Articles | Bookmark | How Can We Improve? | Batch Processing | Email to Friend | Free Catalog | Forums
::1:U



# Imacination Software

Sell Different

## Web Services

Web Services by Imacination are easy to use, highly-interoperable services that can be used for building distributed web applications.

You may also want to test this Web Service functionality using such tools as the Generic SOAP Client or WSDL Dynamic Client.

Try our free Credit Card Validator Web Service.

**Subscribe to Imacination Web Services Announcements**



Email Address

## ZIP Distance Calculator

Use this form to calculate the distance between two U.S. ZIP codes.

| Starting Location | Ending Location |
|---|---|
| Enter ZIP Code: 46530 | Enter ZIP Code: 60606 |

Calculate

| Granger, Indiana | Chicago, Illinois |
|---|---|
| Longitude: -86.162<br>Lattitude: 41.742 | Longitude: -87.638<br>Lattitude: 41.884 |

The distance between Granger and Chicago is **76.64 miles.**

### Web Service Details

| | |
|---|---|
| **Service** | DistanceService |
| **Port** | Distance |
| **Endpoint** | http://webservices.imacination.com/distance/Distance.jws |
| **Namespace** | http://webservices.imacination.com/distance/Distance.jws |
| **Methods** | getCity(zip), getDistance(fromZip, toZip), getLatitude(zip), getLocation(zip), getLongitude(zip), getState(zip) |
| **Parts** | zip — the ZIP code.<br>fromZip — the starting location ZIP code.<br>toZip — the ending location ZIP code. |
| **WSDL** | http://webservices.imacination.com/distance/Distance.jws?wsdl |
| **Version** | 1.0 |

Copyright © 2002 Imacination Software. All Rights Reserved.

POWERED BY
<jtalk:/



**46530 and 60606** are **76.66** miles apart.

Web4Future Optimized Distance calculation made in **68.761** ms

Copyright © 1998- 2008 Web4Future Inc. All rights reserved. Privacy Policy



# BALI & INDONESIA ON THE NE

- Tourism Info: Bali & Indonesia
- All Hotels & Resorts in Bali
- International Hotels in Bali
- Jakarta Hotels
- International Hotels
- Bali for Family
- Travel8Ways.com: international hotels, flights, and tours by Indo.com

Distance between **Atlanta, Georgia, United States** and **Chicago, Illinois, United States**, as the crow flies:

**585 miles (941 km)** (508 nautical miles)

Initial heading from Atlanta to Chicago:
**north-northwest (343.2 degrees)**
Initial heading from Chicago to Atlanta:
**south-southeast (161.2 degrees)**

| #1 LASIK Provider | Discount Travel |
|---|---|
| 950,000 Procedures in North America Are You a Candidate? Find Out Now! | Get quotes from all major carriers. Save up to 60% on airfare! |

See airfares between these two cities in Travel8Ways.com.
See hotels in these two cities in Hotels.Indo.Com or Travel8Ways.com.
See driving distance and directions (courtesy Maps.com)

## Atlanta, Georgia, US [hotels, attractions, books, community, map]

County: **Fulton County**
Location: **33:45:46N 84:25:21W**
Population (1990): **394017**
Elevation: **1050 feet**

## Chicago, Illinois, US [hotels, attractions, books, community, map]

County: **Cook County**
Location: **41:50:13N 87:41:06W**
Population (1990): **2783726**
Elevation: **596 feet**

You may try a new search.

 Ads by Google

 Google [                    ] Search

**Distance Between Cities**
Find The Distance Between Any Two Cities with the Free Maps Toolbar
Maps.alottoolbars.com

**Distance Calculators**
Calculate The Distance Between Selected Cities? Free Tips & Ideas!
Blurtit.com

**Travel Distance**
Instant Access to Directions & Maps All The Time With The Maps Toolbar
Maps.Starware.com

**Driving Distance**
Find Driving Distance Maps at Great Prices.
www.Pronto.com

Travel9Ways.Com    City: [        ]    Search Hotel
Check In: [---][--]  [--]    Check Out: [---][--]  [--]



### Find me a Hotel in Bali or Jakarta!

check in [2008/05/09]

check out [2008/05/17]

hotel region [South Bali : Nusadua, Jimbaran, Tuban, Kuta, Seminyak, Kerobokan, Canggu, Sanur ▼]

no. of rooms [1]

price range [don't care ▼]

**advanced hotel search ...**

developed, designed, and maintained by indo.com © 2006 All Rights Reserved

   

Lasik**Plus**

**Transform your vision now with LASIK.**



# BALI & INDONESIA ON THE NE

- Tourism Info: Bali & Indonesia
- All Hotels & Resorts in Bali
- International Hotels in Bali
- Jakarta Hotels
- International Hotels
- Bali for Family
- Travel8Ways.com: international hotels, flights, and tours by indo.com

**Distance** between **Atlanta, Georgia, United States** and **Hartford, Connecticut, United States**, as the crow flies:

**846 miles (1361 km)** (735 nautical miles)

Initial heading from Atlanta to Hartford:
**northeast (45.9 degrees)**
Initial heading from Hartford to Atlanta:
**southwest (233.1 degrees)**

| Mutual Funds | Used Honda Civic Si |
|---|---|
| Invest In Top Mutual Funds Top Sources For Mutual Funds | Everything you expect from Honda. See Certified Honda Cars near you. |

See airfares between these two cities in Travel8Ways.com.
See hotels in these two cities in Hotels.Indo.Com or Travel8Ways.com.
See driving distance and directions (courtesy Maps.com)

## Atlanta, Georgia, US [hotels, attractions, books, community, map]

County: **Fulton County**
Location: **33:45:46N 84:25:21W**
Population (1990): **394017**
Elevation: **1050 feet**

## Hartford, Connecticut, US [hotels, attractions, books, community, map]

County: **Hartford County**
Location: **41:45:57N 72:41:02W**
Population (1990): **139739**

You may try a new search.

Ads by Google



Google [                    ] **Search**

**Distance Between Cities**
Find The Distance Between Any Two Cities with the Free Maps Toolbar
Maps.alottoolbars.com

**Distance Calculators**
Calculate The Distance Between Selected Cities? Free Tips & Ideas!
Blurtit.com

Travel8Ways.Com  City: [          ]  Check In: [---] [ ] [---] [ ]  Check Out: [---] [ ] [---] [ ]  **Search Hotel**

### Find me a Hotel in Bali or Jakarta!

check in [2008/05/09]
check out [2008/05/17]
hotel region [South Bali : Nusadua, Jimbaran, Tuban, Kuta, Seminyak, Kerobokan, Canggu, Sanur]
no. of rooms [1]

price range [don't care] [ ]
**advanced hotel search ...**

**home | destinations | interests | Indonesia | smart tips | members | art & crafts | featured
featured article | news archives | about us | terms | vendors | advertisers | affiliates | cont**

developed, designed, and maintained by Indo.com © 2006 All Rights Reserved






Start Address [                    ]

End Address [                    ]  **Get Directions**

D



# BALI & INDONESIA ON THE NE

- Tourism Info: Bali & Indonesia
- All Hotels & Resorts in Bali
- International Hotels in Bali
- Jakarta Hotels
- International Hotels
- Bali for Family
- Travel8Ways.com: international hotels, flights, and tours by indo.com

Distance between **Galena, Illinois, United States** and **Chicago, Illinois, United States**, as the crow flies:

**147 miles (236 km)** (127 nautical miles)

Initial heading from Galena to Chicago:
**east-southeast (105.0 degrees)**
Initial heading from Chicago to Galena:
**west-northwest (286.9 degrees)**

| Driving Distance | Shaklee Independent Dist |
|---|---|
| Find Driving Distance Maps at Great Prices. www.Pronto.com | Fast Delivery. Secure Ordering. Online or call 800-364-5490. |

See airfares between these two cities in Travel8Ways.com.
See hotels in these two cities in Hotels.Indo.Com or Travel8Ways.com.
See driving distance and directions (courtesy Maps.com)

## Galena, Illinois, US [hotels, attractions, books, community, ma

County: **Jo Daviess County**
Location: **42:25:15N 90:25:38W**
Population (1990): **3647**

## Chicago, Illinois, US [hotels, attractions, books, community, map]

County: **Cook County**
Location: **41:50:13N 87:41:06W**
Population (1990): **2783726**
Elevation: **596 feet**

You may try a new search.

---

Google- [                                                    ] [Search]

Ads by Google



**Distance Between Cities**
Find The Distance Between Any Two Cities with the Free Maps Toolbar
Maps.alottoolbars.com

**Distance Calculators**
Calculate The Distance Between Selected Cities? Free Tips & Ideas!
Blurtit.com

**Driving Distances**
Top 5 Websites For Driving Distances Calculator
www.Faster-1.com

**Travel Distance**
Get Easy Toolbar to Instantly Find & Map Any Address. Download Now!
Maps.Starware.com

## Find me a Hotel in Bali or Jakarta!

| | |
|---|---|
| check in | 2008/05/05 |
| check out | 2008/05/13 |
| hotel region | South Bali : Nusadua, Jimbaran, Tuban, Kuta, Seminyak, Kerobokan, Canggu, Sanur |
| no. of rooms | 1 |
| price range | don't care |

**advanced hotel search ...**

home | destinations | interests | indonesia | smart tips | members | art & crafts | featured
featured article | news archives | about us | terms | vendors | advertisers | affiliates | con

developed, designed, and maintained by Indo.com © 2006 All Rights Reserved



**Travel Distance**
Trusted Travel Distance Answers From Users. It's Free!
myLotAnswers.com



**Warehouse Storage Space**
Inventory Storage & Global Dist. from Southeast Operations Center
www.rmiwarehouse.com



**BodyCraft Home Gyms**
50% Off Free Shipping No Tax Sale 200.00 Off Coupon/Lifetime Warranty
www.FitnessZone.com



**Galena IL Hotels**
Guaranteed Low Rates for Hotels in Galena!
www.usahotelguide.com



Ads by Goog

E



Bank of America
Hartford, CT

ROBINSON & COLE LLP
LAW OFFICES
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8200

51-57
719

Check No. 148495

April 25, 2008

PAY **Fifty One & 41/100**

DOLLARS **51.41**

VOID AFTER 180 DAYS

Pay to the Order of: DENNIS BROWN
11624 WILKINS MILL DR
GRANGER, IN 46530

ROBINSON & COLE LLP

⑆148495⑆  ⑆011900571⑆  0000154541⑆

Security features included. Details on back.